# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE NON-PARTY DEPOSITIONS OF PAST AND CURRENT OFFICIALS OF U.S. DEPARTMENT OF TRANSPORTATION MARITIME ADMINISTRATION | Misc No. _____ |
| MUNICIPALITY OF ANCHORAGE,<br>632 W Sixth, Suite 730<br>Anchorage, Alaska  99519<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>INTEGRATED CONCEPTS AND RESEARCH CORPORATION,  a corporation<br><br>and<br><br>PND ENGINEERS, INC., a corporation<br>1506 W. 36th Avenue<br>Anchorage, Aklask  99503<br><br>and<br><br>CH2M HILL ALASKA, INC., a corporation<br>c/o CT Corporation System<br>9191 S. Jamaica Street<br>Englewood, Colorado  80112;<br><br> and<br><br>GEOENGINEERS, INC., a corporation,<br>c/o National Corporate Research, Ltd.<br>3085 Mountainwood Circle<br>Juneau, Alaska  99801<br>　　　　　　　　　　　Defendants. | Case No. 3:13-cv-00063-SLG (D. Ak.)<br><br>**JOINT MOTION OF MUNICIPALITY OF ANCHORAGE AND TERRACON CONSULTANTS, INC. FOR LEAVE FOR ADDITIONAL TIME FOR SPECIFIC DEPOSITIONS IN THIS DISTRICT** |
| CH2M HILL ALASKA, INC., a corporation,<br>c/o CT Corporation System<br>9191 S. Jamaica Street<br>Englewood, Colorado  80112<br>　　　　　　　　　　　Third-Party Plaintiff, | |

22306910v.1

| |
|---|
| v. |
| TERRACON CONSULTANTS, INC., a Delaware corporation, c/o Corporation Service Company 300 Deschutes Way SW, Ste 304 Tumwater, WA 98501 |
| Third-Party Defendant. |
| PND ENGINEERS, INC., a corporation, PND Engineers, Inc. 1506 W. 36th Ave. Anchorage, AK 99503 |
| Third-Party Plaintiff, |
| v. |
| COLASKA, INC., d/b/a Quality Asphalt Pavement or QAP, an Alaska corporation, c/o Registered Agent, Corporation Service Company, 9360 Glacier Hwy, Ste. 202 Juneau, Alaska  99801 |
| and |
| MKB CONSTRUCTORS, a joint venture comprised of D.M. Moor Constructors, Inc., Derian, Inc., and R. Scott Constructors, Inc., 12735 Willows Road NE Kirkland, Washington  98034 |
| Third-Party Defendants. |

Plaintiff, the Municipality of Anchorage ("MOA"), and Third-Party Defendant, Terracon Consultants, Inc. ("Terracon"), (collectively, "Moving Parties"), by and through their counsel of record, hereby seek leave for additional time to examine certain witnesses pursuant to Fed. R. Civ. P. 30(d)(1); for a protective order that ensures the Moving Parties are afforded an opportunity for a fair examination of certain witnesses pursuant to Fed. R. Civ. P. 26(c) and for other relief as outlined more fully herein. In support of its motion, Moving Parties state as follows:

**2**

## INTRODUCTION

With this motion, Moving Parties seek to avoid being unfairly limited to mere minutes of examination time in three upcoming and potentially important depositions. The complexity of this case is such that all substantive depositions taken thus far have been scheduled for three days each. Although the parties have worked diligently to resolve this issue, Moving Parties cannot agree to a deposition schedule which will severely harm them and which will not afford them an opportunity to fairly examine witnesses, either in regard to length of available time or available materials. Moving Parties therefore request that the Court grant them leave to exceed the seven hour deposition time limit outlined in Fed. R. Civ. P. 30(d)(1) for the witnesses addressed below. The Moving Parties further request that the Court issue a Protective Order that will ensure that Moving Parties are afforded an opportunity to fairly examine the witnesses, as addressed below.

The underlying case for which the depositions will be conducted is *Anchorage v. Integrated Concepts & Research Corp., et al.*, Case No. 3:13-cv-00063-SLG, in the U.S. District Court for the District of Alaska (the "Underlying Action"). However, because, as set forth below, the depositions are scheduled to commence in this District, the Moving Parties are commencing this Miscellaneous Action in accordance with Fed. R. Civ. P. 26(c)(1) and Fed. R. Civ. P. 45(d)(3).

## BACKGROUND

As outlined in MOA's First Amended Complaint in the Underlying Action, the United States Maritime Administration ("MARAD") was the lead Federal agency on the Port of Anchorage expansion project that is the subject matter of this litigation. *See* Plaintiff's First

Amended Complaint [Dkt. 145], ¶¶ 14 – 17.  Currently, Plaintiff and MARAD are involved in separate litigation regarding the Port of Anchorage expansion project in United States Court of Federal Claims Case No. 14-166C (the "Court of Claims litigation").  A copy of MOA's complaint in the Court of Claims litigation is attached hereto as **Exhibit A**.

The parties are currently engaged in discovery in the Underlying Action.  To date, three depositions have been taken in this matter and the parties have worked diligently and in good faith in scheduling further depositions.  The parties have set aside two weeks each month through April of 2016 for depositions in this case.  On or about October 20th, 2015, Defendant Integrated Concepts and Research Corporation ("ICRC") issued deposition notices for MARAD employees Maggie Blum ("Blum"), Wayne Leong ("Leong") and Michael Carter ("Carter"), to begin on November 9th, 10th and 13th, respectively.  (*See* attached **Exhibits B, C, and D**). The depositions are scheduled to take place at the offices of Covington & Burling, LLP here in Washington D.C.  Although each deposition notice suggests the deposition "will continue from day to day until complete," counsel for ICRC advises that the United States Maritime Administration insists these depositions be limited to seven hours.  (*See* attached **Exhibit E**, 10/28/15 Email from counsel for ICRC to the parties).  The parties to this action have conferred and all parties agree that additional time is needed to depose MARAD witnesses.

Blum, Leong and Carter are each important witnesses with extensive knowledge of the facts and issues surrounding this case.  Blum served as Associate Administrator for Port, Intermodal, and Environmental Activity for MARAD during the expansion project and acted as MARAD's personal representative throughout.  Blum is believed to have been MARAD's highest ranking employee actively engaged in the expansion project.  It is believed that Blum was actively involved in all aspects of the project.  Leong served as MARAD's lead Contracting

Officer for the expansion project and is believed to have been actively involved in that role. Likewise, Carter served as a Director of MARAD's Office of Environmental Activities for the expansion project and is believed to have also been heavily involved.

The parties to the Underlying Action are in agreement that a significant number of MARAD documents have not been produced and are not available for use in examining these witnesses. Such records have been sought. Attached as **Exhibit F** is a copy of a subpoena issued by PND to MARAD on November 3, 2014, seeking a broad range of documents related to the expansion project. The United States Maritime Administration vigorously resisted this subpoena and to date only approximately thirty thousand (30,000) pages of MARAD documents have been produced. Conversely, the United States Army Corp. of Engineers has produced approximately five million (5,000,000) pages of documents in this matter. Given that MARAD was the lead Federal agency for the expansion project, it is believed that they have vastly more records, including internal MARAD records that no party has had an opportunity to review. In the separate Court of Claims litigation, MARAD has advised counsel for MOA that it has captured for review approximately three terabytes of data for production, though the volume of data that is expected to be produced will be substantially less than that.[1] Counsel for MOA has agreed to provide the parties in this matter with these MARAD documents as they are produced. (*See* attached **Exhibit G**, 10/13/15 Email exchange between Tom Buchanan, counsel for Terracon, and Jason Smith, counsel for MOA). To date, counsel for MOA has not produced any such documents but has suggested "my understanding is that documents will be produced sometime in the next few weeks." (*Id.*) Given the limited examination time and lack of

---

[1] Although not a direct conversion, a working number of pages for this amount of could be as high as sixty million (60,000,000), depending on the nature of the data captured.

production of MARAD documents to date, the Moving Parties cannot agree to proceed with the November MARAD depositions without obtaining additional time for questioning.

## DISCUSSION

I.     **Additional Examination Time Due to Complexity of the Issues.**

Courts have broad discretion in managing discovery. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2nd Cir. 2004); *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). Fed. R. Civ. P. 30(d)(1) imposes a presumptive durational limitation on depositions. *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007). Rule 30 provides that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

A party seeking a court order to extend the examination must show "'good cause' to justify such an order." *Boston Scientific Corp. v. Cordis Corp.*, 2004 WL 1945643, at *2 (N.D.Cal. 2004) (quoting *Cardenas v. The Prudential Insurance Co. of America*, 2003 WL 21302960, at *2 (D. Minn. 2003)). Permitting an extension of time under Rule 30(d)(1) must be consistent with Rule 26(b)(2), which limits discovery where "(1) the discovery is unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, or less burdensome or less expensive; (3) the party has had ample opportunity to obtain the information sought; or (4) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007); Fed. R. Civ. P. 30(d)(1).

6

According to the Advisory Committee, factors which warrant an extension of time for a deposition include: (1) whether the examination will cover events occurring over a long period of time; (2) if the witness will be questioned about numerous or lengthy documents and the witness has not read the documents in advance, thereby prolonging the deposition; (3) if the examination reveals that documents have been requested but not produced; and (4) in multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided. *See* Fed.R.Civ.P. 30(d) Advisory Committee Notes (2000 amend.). The notes to rule 30 anticipate that the seven hour time limit is merely a guide and that parties should work together to determine a fair time limit: "It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. . . . Preoccupation with timing is to be avoided." *Id*.

Here, Moving Parties' request for additional time for these three witnesses satisfies all four factors. The Underlying Action involves complex, multi-party litigation over a construction project that took place for over a decade long period and involved numerous engineering firms, consultants, sub-consultants, contractors, subcontractors, materialmen, the Port of Anchorage, the United States Maritime Administration, the United States Army Corp. of Engineers, the United States National Marine Fishery Service, the United States Environmental Protection Agency, the United States Department of Defense, the United States Army, the United States Air Force, and numerous other agencies and organizations. Terracon estimates that the parties have exchanged over nine million (9,000,000) pages of documents thus far. (*See* attached **Exhibit H**, Chart of number of documents produced). MOA alleges damages of over three hundred million dollars ($300,000,000.00). Where a deposition involves a magnitude of factual issues and a particular deponent's role related to those facts, additional deposition time is warranted. *See*

7

*California Earthquake Authority v. Metropolitan West Securities, LLC*, 2012 WL 5880342 (E.D. Cal. 2012). Likewise, where discovery is voluminous and ongoing, additional deposition time is warranted. *Id*. (citing *In re Republic of Ecuador*, 2012 WL 487158, at *3 (E.D. Cal. 2012) (considering that 55,000 documents produced tipped the balance in favor of extending a deposition)). It is expected that Blum, Leong and Carter will be asked to review numerous documents during their examinations, some of which have not yet been produced by MARAD.

Given the number of parties involved and the complex nature of this litigation, Terracon needs at least five hours of examination with each of these witnesses, while MOA needs at least four hours with each witness. With the current seven hour limit, even if ICRC limits its examination of each witness to one hour each, MOA, Terracon, PND, GeoEngineers, Inc. ("GeoEngineers"), CH2M Hill Alaska, Inc. ("CH2M Hill"), Colaska, Inc. ("QAP") and MKB Constructors ("MKB") would be left to split the remaining six hours. It is fundamentally unrealistic, and unfair, to expect that each party will have an adequate opportunity to depose these witnesses when the document production is grossly incomplete and the time is so restricted. For these reasons, good cause exists for Moving Parties to be granted leave to exceed the seven hour deposition limit.

## II.     MARAD's Lack of Production of Documents Further Necessitates Additional Deposition Time.

Moving Parties further request additional deposition time for the MARAD depositions due to ongoing production of MARAD documents. Fed. R. Civ. P. 26(c) empowers the Court to make a wide variety of orders for the protection of parties in the discovery process. *See* 8A FED. PRAC. & PROC. CIV. § 2035 (3d ed.). Rule 26(c) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters

> relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> …

A party seeking a protective order bears the burden of showing good cause for the issuance of the order. *In re Deutsche Bank Trust Co. Americas, LLC*, 605 F.3d 1373 (Fed. Cir. 2010). To establish good cause for a protective order, a party must demonstrate that the likelihood and severity of the harm or injury caused by the deposition outweighs the relevance and need for the discovery sought. *Small v. Ramsey*, 280 F.R.D. 264 (N.D. W. Va. 2012). A party who believes its own interest is jeopardized by discovery sought from a third party has standing to move for a protective order. *Norris Mfg. Co. v. R.E. Darling Co.*, 29 F.R.D. 1 (D. Md. 1961).

As outlined in Section I above, if the MARAD depositions are allowed to proceed without providing additional deposition time, Terracon and MOA will suffer severe harm in the action pending in Alaska. Given that neither party will have a fair opportunity to examine the deponents because of the presently incomplete production of MARAD documents, there is good cause for the Court to provide additional questioning time to the parties up to fourteen (14) hours for each of the MARAD witnesses. This additional time is necessary to permit the parties the ability to fairly examine these important witnesses.

Moving Parties hereby certify they have conferred with the other parties in good faith in an effort to resolve this dispute without court action.

Terracon has filed this motion seeking relief in the U.S. District Court for the District of Alaska, Case No. 3:13-cv-00063-SLG (Docket Entry 238), which MOA has joined. However, out of an abundance of caution pursuant to Federal Rules 26 and 45, Terracon and MOA are filing the same motion in this Court.

**WHEREFORE**, the Municipality of Anchorage and Terracon Consultants, Inc. respectfully request that this Court grant them leave to exceed the seven hour deposition limit for the depositions of Blum, Leong & Carter up to fourteen (14) hours per witness, including additional deposition time after full production of MARAD documents occurs.

Respectfully submitted,

DATED: November 5, 2015

MUNICIPALITY OF ANCHORAGE

By:_____
Daniel P. Wierzba, DC Bar No. 498179
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004-1454
(202) 463-2400
(202) 828-5392 (facsimile)
dwierzba@seyfarth.com
*Attorneys for Municipality of Anchorage*

TERRACON CONSULTANTS, INC.

By_____ *w/permission*
  Thomas R. Buchanan, *pro hac vice to be submitted*
  McDOWELL, RICE, SMITH &
  BUCHANAN, A Professional Corporation
  *Attorneys for Terracon Consultants, Inc.*

**10**

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2015, a copy of the foregoing was served electronically on:

Bruce E. Davison, davison@gci.net
Donald G. Featherstun, dfeatherstun@seyfarth.com
Bennett D. Greenberg, bgreenberg@seyfarth.com
Bennett J. Lee, blee@wthf.com
Lisa M. Marchese, lisamarchese@dwt.com
James E. Howard, jimhoward@dwt.com
Robert P. Owens, owensrp@muni.org
Jason N. Smith, jnsmith@seyfarth.com
Christopher Wright, cwright@wthf.com
William F. Cronin, wcronin@corrcronin.com
Todd T. Williams, twilliams@corrcronin.com
Max Garner, mgarner@bhb.com
Adam Cook, acook@bhb.com
David Gross, dgross@bhb.com
Kurt Hamrock, khamrock@cov.com
Ray Biagini, rbiagini@cov.com
Terrence J. Scanlan, tscanlan@skellengerbender.com
Lindsey M. Pflugrath, lpflugrath@skellengerbender.com
Brewster Jamieson, jamiesonb@lanepowell.com
Jason M. Kettrick, Kettrick@carneylaw.com
Michael C. Geraghty, geraghty@oles.com
Sam E. Baker, baker@oles.com

Courtesy Copy to:

Jeffrey A. Regner, Jeffrey.regner@usdoj.gov
Counsel for Maritime Administration (MARAD)

_____
Daniel P. Wierzba

**11**